## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DENISE M. QUINN,

     Plaintiff,

v.                                        2:23-cv-644-JLB-NPM

CVS PHARMACY, INC. and
HOLIDAY CVS, LLC,

     Defendants.

---

### ORDER GRANTING REMAND

Plaintiff Denise M. Quinn initially filed this premise-liability action in state court. As alleged, she was injured when a beach chair fell from on top of a refrigeration unit and struck her in the head. She claims this caused a concussion and left-shoulder injury, headaches and pinched nerves in the neck, and disturbed sleep. (Doc. 1-2). She seeks relief from the operator of the premises, Holiday CVS, LLC, and its sole managing member, CVS Pharmacy, Inc. (Docs. 7, 11, 15). The managing member, CVS, and not the operator, Holiday, removed the matter based on our diversity jurisdiction. (Doc. 1). Quinn now moves to remand the action back to state court. She argues that CVS failed to establish both diversity of citizenship and the requisite amount in controversy, and that Holiday did not timely consent to removal. When not waived, the latter point about the removal defect is dispositive, and so we start and end there.

A defendant may remove any civil action from state court to federal court if it could have been filed in federal court originally. 28 U.S.C. § 1441(a). But when multiple defendants are involved, each defendant must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). This section, often referred to as the "unanimity rule," provides that each defendant must consent to the removal within thirty days of service of a pleading that states a removable case. 28 U.S.C. § 1446(b)(2)(A)-(B). Prior to Congress codifying the unanimity rule in 2011, it was merely a judge-made rule subject to judicially created exceptions. *See Taylor v. Medtronic, Inc*., 15 F.4th 148, 152 (2d Cir. 2021). But now courts are limited to strictly applying the statute's plain text.[1]

While the rule does not necessarily require that the non-removing defendant sign the original removal petition, there must be some timely written indication from each served defendant that it consents to the removal. *Bacci v. Jenkins*, No. 19-25093-CIV, 2020 WL 9458892, *4 (S.D. Fla. July 24, 2020), *report and recommendation adopted*, 2020 WL 9458717 (Aug. 14, 2020). In other words, "there is no such thing as implied joinder or consent. Instead, an official, affirmative and unambiguous joinder or consent to the notice of removal is required." *Cox v.*

---

[1]      "When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service. Where, as here, Congress provides no exceptions to the rule, we are not at liberty to create one." *Taylor*, 15 F.4th at 152.

*Auto Owners Ins. Co.*, No. 2:17cv490-CSC, 2017 WL 4453334, *2 (M.D. Ala. Oct. 5, 2017) (cleaned up).

Holiday's deadline to consent was August 18th—the same day the case was removed.[2] But it did not join the removal petition or file a consent.[3] The defendants offer nothing but red herrings to rebut this point. They suggest that CVS is not a "proper" defendant to this action; that Holiday—as the operator of the premises—is the "correct" party. (Doc. 16 at 7). But this begs the question: why would CVS (the purportedly improper party) file the notice of removal instead of Holiday? Perhaps it is because defendants were operating under the belief that Holiday had not yet been served. (*See* Doc. 1 ¶ 2). The verified returns of service—which defendants do not contest—demonstrate otherwise.[4] (Doc. 13 at 29). And "the fact that the removing defendant was unaware that a defendant had been served does not provide a basis for excusing the removing defendant's failure to obtain consent from that defendant." *Rodgers v. Atl. Contracting & Dev. Corp.*, No. 2:07-cv-533-FtM-34DNF, 2008 WL 11334891, *4 (M.D. Fla. Sept. 3, 2008).

---

[2]     Both defendants were served on July 19, 2023. (Doc. 13 at 29-30).

[3]     In fact, Holiday first appeared in this action a month later, when it filed an untimely answer (Doc. 15) to the complaint. *See* Fed. R. Civ. P. 81(c)(2).

[4]     "If the return of service is regular on its face, then the service of process is presumed to be valid." *San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-cv-1969-CEH-CPT, 2021 WL 1840769, *4 (M.D. Fla. May 7, 2021) (internal citation and punctuation omitted).

Defendants also argue that Holiday impliedly consented to the removal. Because CVS is the parent company of Holiday, they claim "it is essentially the same party consenting to the removal[.]" (Doc. 16 at 7). Not so. "[A] parent corporation cannot consent to removal on behalf of its subsidiary; a subsidiary is still a separate defendant, and unanimity of defendants is required for removal." *Lampkin v. Media Gen., Inc.*, 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004). Nor is the fact both defendants share the same counsel, without more, of any help. *See Manzanarez v. Liberty Mut. Fire Ins. Co.*, No. cv 19-11724, 2019 WL 4010926, *3 (E.D. La. Aug. 26, 2019) ("Consent or joinder will not be implied simply because consenting and non-consenting defendants have the same attorney."). So, the defendants' arguments each fall short, and the case must be remanded back to state court. *See Bacci*, 2020 WL 9458892, at *5 ("[P]ursuant to 28 U.S.C. § 1447(c), any defect in the removal procedure is grounds for remand.").

Quinn also seeks an award for the fees and expenses related to her remand motion. The court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Section 1447(c) does not require an award of costs and expenses each time a court remands an action. Rather, it provides the court "may" do so. And the Supreme Court has refined this discretion: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

- 4 -

reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, CVS had an objectively reasonable basis for removal. Florida voter-registration information shows that Quinn is a Florida citizen, diverse from the Rhode Island defendants. (Docs. 1, 16-1). And it was not unreasonable to believe that the amount in controversy was met given the nature and severity of the alleged injuries, their associated economic and non-economic damages, and the detailed and factually supported, pre-suit demand letters. (Doc. 1-2). And finally, the unanimity rule is not jurisdictional, so Quinn could have waived or forfeited the issue. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (noting that the "failure of all the defendants to join in a removal petition is not a jurisdictional defect" and that such defect can be waived by a plaintiff). So a fee award is not warranted.

Accordingly, Quinn's motion to remand (Doc. 13) is **granted in part**. If no objections are filed within 14 days of this order, which is the time allotted under Civil Rule 72(a),[5] the clerk is directed to remand this case back to state court by

---

[5]     "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-cv-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

transmitting a certified copy of this order to the clerk of court for the Twentieth Judicial Circuit in and for Lee County, Florida (Case No. 23-CA-004282). Following

---

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to seek a Rule 72 review of the order.*") (emphasis added)); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 SETON HALL CIRCUIT REV. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—created by § 636 and required by Civil Rule 1—compels this approach; an order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"

remand, the clerk is directed to deny any pending motions, terminate all deadlines, and close the case. If any objections are timely filed, then the clerk is directed to withhold disposition until so ordered by the District Judge.

**ORDERED** on July 26, 2024

_____

NICHOLAS P. MIZELL
United States Magistrate Judge